AARON A. BUCKLEY (SBN 202081)
aaron.buckley@quarles.com
AARON J. SCHU (SBN 299701)
aaron.schu@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Crisis 24, Inc. and Crisis 24
Protective Solutions, LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PATRICK BURK, and individual,<br><br>Plaintiff,<br><br>v.<br><br>CRISIS, INC., a Delaware corporation; CRISIS 24 PROTECTIVE SOLUTIONS, LP, a Delaware limited partnership; and DOES 1- 50, Inclusive,<br><br>Defendants. | Case No. 24-4698<br><br>**DEFENDANT CRISIS24, INC AND CRISIS 24 PROTECTIVE SOLUTIONS, LP'S CERTIFICATE OF SERVICE REGARDING NOTICE OF REMOVAL**<br><br>[Superior Court of the State of California, County of Los Angeles Case No. 24STCV09814] |

1

## <u>CERTIFICATE OF SERVICE</u>

2      I am employed in the County of San Diego, State of California.  I am over the

3  age of 18 years and not a party to the within action.  My business address is 101 W.

4  Broadway, Ninth Floor, San Diego, California 92101, and my email address is

5  emily.mccanna@quarles.com.

6      On June 5, 2024, I served the foregoing document(s) described as:

7      • **DEFENDANTS CRISIS24, INC AND CRISIS 24 PROTECTIVE SOLUTIONS, LP'S NOTICE OF**
8          **REMOVAL**

9      • **EXHIBIT A – COMPLAINT PACKET**

10     • **EXHIBIT B – NOTICE OF POSTING JURY FEES**

11     • **EXHIBIT C – ORDER TO SHOW CAUSE**
          **HEARING/CASE MANAGEMENT REVIEW**
12
13     • **EXHIBIT D – NOTICE OF CASE MANAGEMENT CONFERENCE**

14     • **EXHIBIT E – NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE**
15         **HEARING/CASE MANAGEMENT REVIEW**

16     • **EXHIBIT F – NOTICE AND ACKNOWLEDGMENT OF RECEIPT-CIVIL**
17
18     • **EXHIBIT G – DEFENDANTS' ANSWER TO PLAINTIFF PATRICK BURK'S UNVERIFIED COMPLAINT**

19     • **DECLARATION OF GABOR BUKSZAR IN SUPPORT OF DEFENDANTS' REMOVAL TO FEDERAL COURT**
20
21     • **CIVIL COVER SHEET**

22     • **DEFENDANTS CRISIS24, INC AND CRISIS 24 PROTECTIVE SOLUTIONS, LP'S CERTIFICATION AND**
          **NOTICE OF INTERESTED PARTIES (LOCAL RULE 7.1-**
23         **1)**

24     • **DEFENDANTS CRISIS24, INC AND CRISIS 24 PROTECTIVE SOLUTIONS, LP'S NOTICE OF**
25         **REMOVAL TO FEDERAL COURT (attached hereto)**

26
       on all interested parties in this action as follows:
27
       Danny Yadidsion
28     Noël Harlow

2                                                    Case No. 24-4698

DEFENDANT CRISIS24, INC AND CRISIS 24 PROTECTIVE SOLUTIONS, LP'S CERTIFICATE OF SERVICE
REGARDING NOTICE OF REMOVAL

Labor Law PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
E-Mail: Danny@LaborLawPC.com;
Noel.Harlow@LaborLawPC.com;
Franchesca.Seneres@laborlawpc.com;
Dax.Inting@laborlawpc.com;
Sheila.Cabazares@laborlawpc.com;
calendar@laborlawpc.com

Attorneys for Plaintiff PATRICK BURK

**BY MAIL**: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid. I placed each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

**BY E-MAIL OR ELECTRONIC TRANSMISSION**: Pursuant to the agreement of counsel to accept electronic service in this case, I caused a copy of the document(s) to be sent from e-mail address emily.mccanna@quarles.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 5, 2024, at San Diego, California.

_____
Emily M. McCanna

3                                    Case No. 24-4698

DEFENDANT CRISIS24, INC AND CRISIS 24 PROTECTIVE SOLUTIONS, LP'S CERTIFICATE OF SERVICE REGARDING NOTICE OF REMOVAL

1  AARON A. BUCKLEY (SBN 202081)
   aaron.buckley@quarles.com
2  AARON J. SCHU (SBN 299701)
   aaron.schu@quarles.com
3  **QUARLES & BRADY LLP**
   101 West Broadway, Ninth Floor
4  San Diego, California 92101-8285
   Telephone: 619-237-5200
5  Facsimile: 619-615-0700

6  Attorneys for Defendants Crisis24, Inc. and Crisis
   24 Protective Solutions, LC

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **COUNTY OF LOS ANGELES**

10

11

12  PATRICK BURK, and individual,          Case No. 24STCV09814

            Plaintiff,                     **DEFENDANTS CRISIS24, INC. AND**
13                                          **CRISIS 24 PROTECTIVE SOLUTIONS,**
            v.                              **LP'S NOTICE OF REMOVAL TO**
14                                          **FEDERAL COURT**
    CRISIS24, INC., a Delaware corporation;
15  CRISIS 24 PROTECTIVE SOLUTIONS, LP,    Judge:        Jill Feeney
    a Delaware limited partnership; and DOES 1- Dept.:    78
16  50, Inclusive,                          Action Filed: 04/18/2024
                                            Trial Date:   Not set
17          Defendants.

18

19          TO PLAINTIFF PATRICK BURK AND HIS ATTORNEYS OF RECORD:

20          PLEASE TAKE NOTICE that a Notice of Removal of this Action was filed in the United

21  States District Court for the Central District of California on June 5, 2024, by Defendants

22  Crisis24, Inc. and Crisis 24 Protective Solutions, LP.

23          PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. section 1446(d), after

24  removal "the state court shall proceed no further unless and until the case is remanded." A copy of

25  said Notice of Removal and all supporting documents are attached to this Notice as Exhibit 1 and

26  is served and filed herewith.

27  / / /

28  / / /

_____
DEFENDANTS CRISIS24, INC. AND CRISIS 24 PROTECTIVE SOLUTIONS, LP'S NOTICE OF REMOVAL TO
FEDERAL COURT

1    Dated:  June 5, 2024                    QUARLES & BRADY LLP

2

3                                      By:  _____
                                           AARON A. BUCKLEY
4                                          AARON J. SCHU
                                           Attorneys for Defendants Crisis24, Inc. and Crisis
5                                          24 Protective Solutions, LC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS CRISIS24, INC. AND CRISIS 24 PROTECTIVE SOLUTIONS, LP'S NOTICE OF REMOVAL TO
FEDERAL COURT

# Exhibit 1

AARON A. BUCKLEY (SBN 202081)
aaron.buckley@quarles.com
AARON J. SCHU (SBN 299701)
aaron.schu@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Crisis 24, Inc. and Crisis 24
Protective Solutions, LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Patrick Burk, an individual, | Case No.  24-4698 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| CRISIS24, INC., a Delaware corporation; CRISIS 24 PROTECTIVE SOLUTIONS, LP, a Delaware limited partnership; and DOES 1- 50, Inclusive, | [Superior Court of the State of California, County of Los Angeles Case No. 24STCV09814] |
| Defendant. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF PATRICK BURK, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Crisis24, Inc. and Crisis 24 Protective Solutions, LP (collectively "Defendants"), by and through their undersigned attorney, hereby gives notice that the civil action currently pending in the Superior Court for the State of California, for the County of Los Angeles, identified as *Patrick Burk  v. Crisis24, Inc., et al.* assigned Case Number 24STCV09814, is removed to this Court without waiving any rights to which Defendants may be entitled, and says:

1.     Pursuant to 28 U.S.C. § 1446(a), copies of all record documents, including all orders, pleadings, and process which have been served upon Defendants, are attached hereto as **Exhibit A**.  This includes the Complaint, summons, civil case cover sheet, alternative dispute resolution packet, notice of case assignment, notice of posting of jury fees, notice and acknowledgment of receipt—civil to Defendants Crisis24, Inc. and Crisis 24 Protective Solutions, LP, and notice of case management conference and order to show cause hearing/case management review.

2.     According to the online docket, the Complaint was filed on April 18, 2024.  Defendants Crisis24, Inc. and Crisis 24 Protective Solutions, LP were served on May 9, 2024.  In compliance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of service of the Complaint.

3.     According to the online docket, on April 19, 2024, Plaintiff filed a notice of posting of jury fees, which is attached hereto as **Exhibit B**.  According to the online docket, on April 23, 2024, the court issued an order to show cause for failure to file proof of service and a notice of case management conference, which are attached hereto as **Exhibits C and D**.  According to the online docket, on May 2, 2023, Plaintiff filed a notice of case management conference and order to show cause hearing/case management review, which is attached hereto as **Exhibit E.** According to the online docket, on May 17, 2024, Plaintiff filed two proofs of personal service—notices and acknowledgments of receipt, only one of which is available.  That document is attached hereto as **Exhibit F.**  On May 30, 2024, Defendants filed an Answer, which is attached hereto as **Exhibit G**.  Other than Exhibits A through G, Defendants are not aware of any other documents in the State Court case file.

4.     Defendants seek removal under 28 U.S.C. § 1441 based on diversity of citizenship, as this Court has original jurisdiction under 28 U.S.C. § 1332(a).  This is a civil action between citizens of different states where Patrick Burk ("Plaintiff")

appears more likely than not to claim an amount in controversy that exceeds $75,000.

### **Venue is Proper**

5.     Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441(a) and 1391(b) because the state court action was filed in this district, and it is the judicial district in which the action arose.

### **Diversity Jurisdiction Exists**

6.     For purposes of diversity jurisdiction, Defendant Crisis24, Inc. is considered a citizen of the state in which it is incorporated and of the state where it maintains its principal place of business on the date the complaint was filed.  *See Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987); *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010); 28 U.S.C. § 1332(c)(1). As of the date Plaintiff's Complaint was filed, Defendant Crisis24, Inc. was and is incorporated in Delaware, with its principal place of business in Maryland. Declaration of Gabor Bukszar ("Bukszar Decl.") ¶ 6.  Thus, Defendant Crisis24, Inc. was a citizen of Delaware and Maryland.

7.     For purposes of diversity jurisdiction, Defendant Crisis24 Protective Solutions, LP (as an unincorporated association or partnership) is deemed to be a citizen of each state as to which its members are citizens.  *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990).  The sole member of Defendant Crisis 24 Protective Solutions, LP is a citizen of Delaware and Florida.  Bukszar Decl. ¶ 5. Thus, as of the date Plaintiff's Complaint was filed, Defendant Crisis 24 Protective Solutions, LP was also a citizen of Delaware and Florida.

8.     As identified in his Complaint, Plaintiff is an individual residing in Los Angeles, California.  Exhibit A, Complaint ¶ 2.  Plaintiff is therefore a citizen of the State of California for the purposes of this Court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is

1 domiciled).

2     9.    Based on the above, complete diversity between the parties exists.

3     **The Amount in Controversy Requirement is Satisfied**

4     10.    Removal is proper where diversity exists and "the matter in controversy

5 exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). The Ninth Circuit

6 holds that "[t]he amount in controversy is simply an estimate of the total amount in

7 dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon*

8 *Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The amount in

9 controversy "reflects the maximum recovery the plaintiff could reasonably recover."

10 *Mutchler on behalf of California v. Circle K Stores, Inc.*, Case No.: 20cv1239-

11 GPC(BGS), 2020 WL 5511985, at *2 (S.D. Cal. Sept. 14, 2020).

12     11.    When a complaint fails to establish a specific total amount in

13 controversy, a removing defendant need only establish the necessary jurisdictional

14 amount by a preponderance of the evidence. *Gugliemino v. McKee Foods Corp.*,

15 506 F.3d 696, 701 (9th Cir. 2007).

16     12.    In determining whether it is more likely than not that the amount in

17 controversy exceeds $75,000, a court can consider: (a) the allegations in the

18 complaint, facts in the removal petition, and any summary judgment-type evidence

19 that is submitted; (b) jury verdicts involving similar allegations and claims; (c)

20 emotional distress damages; (d) punitive damages, if they are recoverable as a

21 matter of law; and (e) attorneys' fees, if they are authorized by statute. *Matheson v.*

22 *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Perez*

23 *v. Baxter Healthcare Corp.*, No. 2: 12-cv-08075, 2012 WL 537348, at *2 (C.D. Cal.

24 Oct. 31, 2012). District courts may also make estimates of the amount in

25 controversy. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926, 2013 WL

26 4894307, at *2 (E.D. Cal. Sept. 11, 2013).

27 / / /

28 / / /

13.     In his suit, Plaintiff alleges four separate causes of action against Defendants.  Specifically, Plaintiff alleges: (1) age discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to prevent discrimination in violation of the FEHA; (3) wrongful termination in violation of public policy; and (4) unfair business practices (Bus. & Prof. Code §17200).  Exhibit A, Complaint.

14.     While the Complaint does not plead a specific dollar amount of damages sought, Plaintiff alleges that he has sustained the following damages:

    1.     Compensatory damages including lost wages, earnings, commissions, and other employee benefits, and general damages for mental pain and anguish and emotional distress;

    2.     Pre- and post-judgment interest;

    3.     Punitive damages;

    4.     "for payment of penalties in accordance with California law"; and

    5.     Costs of suit, attorneys' fees, and expert witness fees.

Exhibit A, Complaint pgs. 11-12, Prayer for Relief.

15.     Although Defendants deny Plaintiff's allegations and claims for relief, Plaintiff's potential economic damage claim alone is approximately $390,000.00. Plaintiff was employed by Crisis24 Protective Solutions, LP, from January 10, 2022 to March 31, 2023, earning $45.00 per hour.  Bukszar Decl. ¶¶ 7-8.  Thus, Plaintiff's annual wages were approximately $130,000.  *Id*.  Plaintiff's employment ended in March 2023.  Exhibit A, Complaint ¶ 13.

16.     Assuming a trial date set for two years from the date Plaintiff filed the Complaint, Plaintiff's potential lost wages could total approximately $260,000.00.

17.     Furthermore, Plaintiff does not seek reinstatement, but is instead seeking an award of front pay in this matter.  If Plaintiff were awarded one year of front pay, he would be entitled to front pay damages in the amount of approximately $130,000.00.

18.     Thus, if Plaintiff were to prevail, it is reasonable to assess his economic damages alone at approximately $390,000.00.  However, Plaintiff is seeking numerous additional means of relief that increase the amount in controversy above $75,000.

19.     Specifically, Plaintiff is seeking loss of benefits, damages for mental suffering, punitive damages, and attorneys' fees and expenses.  Exhibit A, Complaint pgs. 11-12, Prayer for Relief.

20.     In considering emotional distress damages, courts will often look to damage awards in similar cases.  *See, e.g., Perez,* 2012 WL 5373468, at *3 (noting awards for emotional distress in state court cases including *Morales v. L.A. Cnty. Metro. Transp. Auth.,* No. BC339557 (L.A. Super. Ct. Aug. 19, 2008) where the plaintiff was awarded $300,000 for past non-economic damages, *Ismen v. Beverly Hosp.,* No. BC366198 (L.A. Super. Ct. Aug. 13, 2008) where plaintiff was awarded $113,000 in emotional distress damages, and *Cortes v. Montebello Unified Sch. Dist.,* No. BC359419 (L.A. Super. Ct. May 27, 2008) where plaintiff was awarded $82,000 in non-economic damages).

21.     Both punitive damages and attorneys' fees are recoverable under FEHA.  *See* Cal. Gov't Code §§ 12940, 12965.  Punitive damages are also available under California law for wrongful termination and intentional infliction of emotional distress claims.  *Stainbrook v. Target Corp.,* Case No. 2:16-CV-00090-ODW, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016).

22.     Plaintiff's claims for punitive damages would similarly support the amount in controversy as punitive damage awards in other comparable cases routinely exceed $75,000.  *See, e.g., Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (citing employment discrimination cases that yielded jury verdicts with punitive damage awards ranging from $60,000 to $40 million); *EEOC v. Farmer Bros.*, Co., 31 F.3d 891, 894 (9th Cir. 1994) (affirming punitive damages

/ / /

1  award of $833,434.80 in employment discrimination case alleging FEHA
2  violations).

3      23.    Courts have also routinely awarded attorneys' fees in FEHA cases that
4  exceed $75,000. *See, e.g.*, *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1141
5  (E.D. Cal. 2011) (awarding prevailing party in FEHA case attorneys' fees of
6  $535,700); *Leuzinger v. Cnty of Lake*, No. C 06-00398 SBA, 2009 WL 839056
7  (N.D. Cal. March 30, 2009) (awarding prevailing party in FEHA case attorneys'
8  fees of $735,500).

9      24.    Should this case be litigated to a verdict determining Plaintiff to be the
10  prevailing party, it would not be speculative for Plaintiff to be awarded attorneys'
11  fees that, when combined with any economic damages claim, would still exceed
12  $75,000.

13      25.    Based on reasonable estimates of the allegations asserted in the
14  Complaint, the amount Plaintiff has placed in controversy in this action well
15  exceeds $75,000.

16      26.    Because this Court has original jurisdiction over the State Court Action
17  under 28 U.S.C. § 1332, and the requirements for diversity jurisdiction are met, this
18  case is properly removable pursuant to 28 U.S.C. § 1441(a).

19      27.    Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing of this
20  Notice of Removal, Defendant's Notice to Plaintiff of Removal has been served
21  upon attorneys for Plaintiff, Danny Yadidsion and Noel Harlow, LABOR LAW PC,
22  100 Wilshire Blvd., Suite 700, Santa Monica, California 90401,
23  Danny@LaborLawPC.com, Noel.Harlow@LaborLawPC.com.

24      WHEREFORE, Defendants request this action concurrently pending in the
25  Superior Court of the State of California for the County of Los Angeles be removed
26  to the United States District Court for the Central District of California.

27  / / /
28  / / /

Dated: June 5, 2024             QUARLES & BRADY LLP

By: _____
AARON A. BUCKLEY
AARON J. SCHU
Attorneys for Crisis 24, Inc. and Crisis 24
Protective Solutions, LP

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Danny Yadidsion, Esq., SBN 260282; Noël Harlow, Esq., SBN 256124
LABOR LAW PC, 100 Whilshire Blvd., Suite 700, Santa Monica, California 90401

TELEPHONE NO.: (310) 494-6082  FAX NO.:
ATTORNEY FOR *(Name):* PLAINTIFF PATRICK BURK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street,
MAILING ADDRESS: 111 North Hill Street,
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

**Electronically FILED by
Superior Court of California,
County of Los Angeles
4/18/2024 4:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk**

CASE NAME:
Patrick Burk v. Crisis24, Inc., Crisis 24 Protective Solutions, LP, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✔ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **24STCV09814** |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✔ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary  b. ✔ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 18, 2024

Noël Harlow
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
● Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
● File this cover sheet in addition to any cover sheet required by local court rule.
● If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
● Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Patrick Burk v. Crisis24, Inc., Crisis24 Protective Solutions, LP, et al. | 24STCV09814 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.   Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.   Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.   Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Patrick Burk v. Crisis24, Inc., Crisis24 Protective Solutions, LP, et al. | |

| | | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Patrick Burk v. Crisis24, Inc., Crisis24 Protective Solutions, LP, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract**<br>(Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23 | **CIVIL CASE COVER SHEET ADDENDUM** | LASC Local Rule 2.3 |
| For Mandatory Use | **AND STATEMENT OF LOCATION** | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Patrick Burk v. Crisis24, Inc., Crisis24 Protective Solutions, LP, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Patrick Burk v. Crisis24, Inc., Crisis24 Protective Solutions, LP, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>□ 1. ☑ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11 | ADDRESS:<br><br>111 North Hill Street |
|---|---|
| **CITY:**<br>Los Angeles | **STATE:** CA | **ZIP CODE:** 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>STANLEY MOSK COURTHO</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>04/18/2024</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Danny Yadidsion, Esq., SBN 260282
Noël Harlow, Esq., SBN 256124
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Noel.Harlow@LaborLawPC.com

Attorneys for Plaintiff
PATRICK BURK, an individual

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/18/2024 4:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PATRICK BURK, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CRISIS24, INC., a Delaware corporation; CRISIS 24 PROTECTIVE SOLUTIONS, LP, a Delaware limited partnership; and DOES 1- 50, Inclusive, <br><br> Defendants. | **CASE NO.:** 24STCV09814 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Age Discrimination in Violation of the FEHA (Cal. Govt. Code § 12940(a));** <br> 2. **Failure to Prevent Discrimination in Violation of the FEHA (Cal. Govt. Code § 12940(k));** <br> 3. **Wrongful Termination in Violation of Public Policy; and** <br> 4. **Unfair Business Practices in Violation of California Business and Professions Code § 17200** <br><br> **DEMAND FOR JURY TRIAL** |

1.     Plaintiff PATRICK BURK ("Plaintiff"), an individual, submits this Complaint against Defendants Crisis24, Inc., a Delaware corporation doing business in California; Crisis24 Protective Solutions, LP, a Delaware limited partnership doing business in California; and DOES 1 through 50, inclusive (collectively, "Defendants"), and each of them, and alleges as follows:

**PARTIES**

2.      Plaintiff is and at all times relevant hereto was a resident of the State of California, in the County of Los Angeles.

3.      Defendant Crisis24, Inc. is a Delaware corporation that at all times relevant hereto did business and employed individuals in the County of Los Angeles, California.

4.      Defendant Crisis24 Protective Solutions, LP is a Delaware limited partnership that at all times relevant hereto, did business and employed individuals in the County of Los Angeles, State of California.

5.      Crisis24, Inc. and Crisis24 Protective Solutions, LP (hereinafter "Crisis24") are Plaintiff's employer within the meaning of the Labor Code and are therefore subject to the jurisdiction of this Court.

6.      Defendant Crisis24 was Plaintiff's employer within the meaning of Government Code §§ 12926(d), 12940 (a), (h), (l), (h) (3) (A) and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

7.      Plaintiff filed complaints based under Government Code §§ 12940 et seq., and the California Fair Employment and Housing Act ("FEHA"), with the California Civil Rights Department ("CRD") alleging the facts and complaints as described in this complaint and received a right to sue notice on the same day. Therefore, Plaintiff has satisfied his administrative prerequisites with respect to these and all related filings.

**ALTER EGO, AGENCY, AND JOINT EMPLOYER**

8.      Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-50 that the individuality and separateness of Defendants have ceased to exist.

9.      Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DOES 1-50 are, in reality, one and the same as Defendants, including, but not limited to because:

       a.      Defendants are completely dominated and controlled by DOES 1-50, who personally violated the laws as set forth in this complaint, and who have hidden and

currently hid behind Defendants to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b.    DOES 1-50 derive actual and significant monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

c.    Plaintiff is informed and believes that Defendants and DOES 1-50, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d.    Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.    Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendants and DOES 1-50 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1-50 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-50.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of Defendants and DOES 1-50 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

10.    Accordingly, Defendants constitute the alter ego of DOES 1-50, and the fiction of their separate corporate existence must be disregarded.

11.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant and DOES 1-50 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendants and DOES 1-50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all

Defendants shared control of Plaintiff as an employee, either directly or indirectly, in the manner in which Defendants' business was and is conducted.

<strong><u>JURISDICTION AND VENUE</u></strong>

12.     This Court has jurisdiction over Plaintiff's claims under California Government Code §§ 12940 et seq., and the UCL, Bus. & Prof. Code §§ 17203 and 17204. This Court is the proper Court and this action is properly filed in the County of Los Angeles pursuant to Cal. Civ. Proc. Code § 395(a) and 395.5 because Defendants Crisis 24, Inc. and Crisis24 Protective Solutions, LP maintain offices and transact business within Los Angeles County, California.

<strong><u>FACTUAL ALLEGATIONS</u></strong>

13.     Plaintiff has over 19 years of experience in the security industry with an exemplary career with Defendant's predecessor, Gavin de Becker & Associates, Inc ("GDBA"), from June 2005 to December 2015, and with Defendant from January 2022 to March 2023. During Plaintiff's employment with GDBA, Plaintiff rose from a traveling Executive Protection Agent to Detail Leader and the Chief Medical and Aquatics Instructor. During that time, he opened nine national details. Towards the end of his ten-year career at GDBA, he was promoted to the Director of Security Operations where he was responsible for providing close protection, organizing motorcades, planning routes, establishing safe zones, maintaining site/venue security and liaising with foreign protective agents to ensure the safe arrival, stay and departure of traveling public figures and corporate security.

14.     In approximately June 2021, Crisis24 acquired GDBA.

15.     Defendant Crisis24 provides comprehensive integrated security and risk management solutions to customers, including global security solutions, crisis and security consulting, and travel risk management services. In these fields, it uses state of the art technology to assist individual and organizational security challenges.

16.     Crisis24 hired Plaintiff in or around January 2022 as Program Manager and Covert Overwatch Agent.  Defendant hand selected him to travel extensively in support of a specialized task force in support of an ultra-high-net worth individual across the United States including to a private island in Hawaii to provide comprehensive security services.

17. Due to Plaintiff's extensive experiences, he was assigned to one of the more high-valued clients of Crisis24, Meta, and covered the areas of Marina Del Rey and Pasadena. In this role, Plaintiff's pay rate was approximately 33% higher than most of his coworkers, and he earned $45 per hour as opposed to the average $30 per hour rate of most of his co-employees.

18. During Plaintiff's time with the Company, Plaintiff had an outstanding performance and did not receive any write ups or negative performance evaluations, formal or informal. Indeed, Human Resources Director, Gabor Buksar, wrote Plaintiff a letter of recommendation in which he described Plaintiff as "an exemplary employee of Crisis24" and commended his "dedication, contribution, and leadership" during his tenure with the company.

19. During the latter part of Plaintiff's employment, Crisis24 shut down operations at the Marina Del Rey location. Soon thereafter, the Pasadena operations were likewise closed. Out of the nine (9) security personnel covering Marina Del Rey and Pasadena, seven (7) were reabsorbed or pulled to the residential armed site and other positions. Unfortunately, Plaintiff, who was an older employee, was one of the two (2) employees who were never reabsorbed, both of whom were older than the reabsorbed employees. Additionally, Plaintiff had worked nationally and internationally, and was never offered open jobs at other locations, despite his demonstrated history of being willing to do so.

20. At that time, Plaintiff was 52 years old. Defendant told the other terminated employee, Paul White ("Mr. White"), a 57-year-old Program Manager, who likewise made $45 an hour and also worked at the same location where he was terminated because he was "too expensive."

21. As such, Plaintiff is informed and believes that Crisis24 terminated the two older employees with higher pay.

22. Plaintiff likewise is informed and believes that Defendant had several job openings in various locations when he was terminated and where he and Mr. White could have been transferred. Additionally, Defendant quickly posted job openings for the same position at a lower rate starting in May 2023, just two months after Defendant allegedly had to engage in layoffs,

further demonstrating that the more expensive and older Plaintiff was replaced by a less expensive and possibly younger counterpart.

23. Plaintiff believes that he was terminated by Crisis24 because of his age and higher pay. Indeed, to the extent Defendants sought to terminate Plaintiff, one of the higher earning employees with Crisis24, as a purported cost-cutting measure, doing so is illegal when done so as a pretext for age discrimination or when doing so has a disparate impact on older workers. Employers may not engage in cost-cutting measures solely by terminating their highest-paid employees, because it serves as a pretext for age discrimination. *See* Cal. Govt. Code § 12941.1 ("[T]he use of salary as the basis for differentiating between employees when terminating employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers.").

## **FIRST CAUSE OF ACTION**

### **AGE DISCRIMINATION IN VIOLATION OF THE FEHA**

### **(Against all Defendants)**

24. Plaintiff repeats and realleges all the preceding paragraphs as if they were fully set forth herein and with the same full force and effect.

25. At all times relevant to this action, Defendants were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

26. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m), because of Plaintiff's age.

27. At all times relevant to this action, Defendants unlawfully discriminated against Plaintiff, as previously alleged, on the basis of Plaintiff's membership in the protected class.

28. Defendants were substantially motivated to discriminate against and terminate Plaintiff because of Plaintiff's membership in the protected class.

29. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning

capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

30. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

31. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

32. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of employment benefits. Accordingly, an award of punitive damages is warranted.

33. Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

34. Pursuant to Government Code § 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA

## (Against all Defendants)

35.     Plaintiff repeats and realleges all the preceding paragraphs as if they were fully set forth herein and with the same full force and effect.

36.     At all times hereto, the FEHA, including Government Code § 12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination from occurring.

37.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiffs damage as stated below.

38.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other benefits. The exact amount of such losses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

39.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

40.     As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

41.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and

with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of employment benefits. Accordingly, an award of punitive damages is warranted.

42.    Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

43.    Pursuant to Government Code § 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against all Defendants)

44.    Plaintiff repeats and realleges all the preceding paragraphs as if they were fully set forth herein and with the same full force and effect.

45.    At all times relevant to this action, Defendants were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).51. At all times relevant to this action, Plaintiff was employed by Defendant.

46.    At all times relevant to this action, Defendants unlawfully discriminated against Plaintiff on account of his age and ultimately sidelined and terminated Plaintiff on account of his age.

47.    As a direct and proximate result, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

48.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general

damages, as Plaintiff was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

49.     As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

50.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of employment benefits. Accordingly, an award of punitive damages is warranted.

51.     Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

## FOURTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

### (Against all Defendants)

52.     Plaintiff re-alleges and incorporates by reference herein all prior paragraphs as though fully alleged herein.

53.     Business and Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice. Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a

civil action for violation of the Unfair Competition Law.

54. Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code § 17200 by failing to pay overtime wages and failing to pay wages for missed meal and rest periods.

55. The above-described unlawful actions of Defendants constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code § 17200, et seq.

56. As a result of its unlawful acts, Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff. Defendants should be enjoined from this activity, caused to specifically perform its obligations, and made to disgorge these ill-gotten gains and pay restitution to Plaintiff, but not limited to, restitution of all unpaid wages, plus interest, as well as attorneys' fees and costs.

57. Plaintiff also request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress;

2. That the Court declare that Defendants' violations of California labor law constituted an unfair business practice under the UCL;

3. For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress;

4. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter;

5. For punitive damages pursuant to Civil Code § 3294 in amounts sufficient to punish

Defendants for wrongful conduct alleged herein and to deter such conduct in the future;

6. For payment of penalties in accordance with California law;

7. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code, and/or any other basis;

8. For pre- and post-judgment interest; and

9. For all such other and further relief that the court may deem just and proper.

Respectfully Submitted,

DATED: April 18, 2024          LABOR LAW PC

By: _____
        Danny Yadidsion, Esq.
        Noël Harlow, Esq.
        Attorneys for Plaintiff
        PATRICK BURK

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a jury trial of all causes of action and claims with respect to which Plaintiff has a right to jury trial.

DATED: April 18, 2024          LABOR LAW PC

By: _____
        Danny Yadidsion, Esq.
        Noël Harlow, Esq.
        Attorneys for Plaintiff
        PATRICK BURK

COMPLAINT FOR DAMAGES

12

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/19/2024 9:26 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Kim, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CRISIS24, INC., a Delaware corporation; CRISIS 24 PROTECTIVE
SOLUTIONS, LP, a Delaware limited partnership; and DOES 1- 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PATRICK BURK, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* STANLEY MOSK COURTHOUSE<br><br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>24STCV09814 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Danny Yadidsion, 100 Wilshire Blvd., Suite 700, Santa Monica, California 90401, (310) 494-6082

DATE: 04/19/2024          Clerk, by   David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Fecha)*                 *(Secretario)*        D. Kim                 *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

    a. **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

        • **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
        • **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

        **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

        **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

    b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
        https://dcba.lacounty.gov/countywidedrp/

        **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

    c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 04/18/2024 David W. Slayton, Executive Officer / Clerk of Court By: _____ Y. Ayala _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER: 24STCV09814 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Jill Feeney | 78 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/19/2024
   (Date)

David W. Slayton, Executive Officer / Clerk of Court

By Y. Ayala_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Danny Yadidsion, Esq., SBN 260282
Noël Harlow, Esq., SBN 256124
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Noël.Harlow@LaborLawPC.com
calendar@laborlawpc.com

Attorneys for Plaintiff,
PATRICK BURK, an individual

**Electronically FILED by
Superior Court of California,
County of Los Angeles
4/19/2024 9:26 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Kim, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| PATRICK BURK, an individual, | Case No. 24STCV09814 |
| Plaintiff, | **PLAINTIFF'S NOTICE OF POSTING OF JURY FEES** |
| vs. | |
| CRISIS24, INC., a Delaware corporation; CRISIS 24 PROTECTIVE SOLUTIONS, LP, a Delaware limited partnership; and DOES 1-50, Inclusive, | |
| Defendant. | |

TO THE CLERK, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff, on April 19, 2024, posted jury fees in the amount of One Hundred-Fifty Dollars ($150.00) for trial in this matter.

DATED: April 19, 2024

LABOR LAW PC

By:_____
Danny Yadidsion, Esq.
Noël Harlow, Esq.
Attorneys for Plaintiff PATRICK BURK

**POS-015**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**      STATE BAR NO.: 260282<br><br>NAME: Danny Yadidsion; Noël Harlow (SBN 256124)<br>FIRM NAME: LABOR LAW PC<br>STREET ADDRESS: 100 Wilshire Blvd., Suite 700<br>CITY: Santa Monica     STATE: CA    ZIP CODE: 90401<br>TELEPHONE NO.: (310) 494-6082     FAX NO.:<br>E-MAIL ADDRESS: Danny@LaborLawPC.com; Noel.Harlow@laborlawpc.com<br>ATTORNEY FOR *(Name)*: Plaintiff Patrick Burk | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N Hill St.,
MAILING ADDRESS: 111 N Hill St.,
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: Patrick Burk
Defendant/Respondent: Crisis 24 Protective Solutions, LP

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>24STCV09814 |
|---|---|

TO *(insert name of party being served):* Crisis 24 Protective Solutions, LP

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: April 29, 2024

Noël Harlow
(TYPE OR PRINT NAME)
► (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*
   ADR packet; Civil Case Cover Sheet; Notice of Case Assignment - Unlimited Civil Case; Notice of Posting of Jury Fees;

*(To be completed by recipient):*

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ] [ Clear this form ]

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 260282 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Danny Yadidsion; Noël Harlow (SBN 256124) | | |

FIRM NAME: LABOR LAW PC
STREET ADDRESS: 100 Wilshire Blvd., Suite 700
CITY: Santa Monica    STATE: CA    ZIP CODE: 90401
TELEPHONE NO.: (310) 494-6082    FAX NO.:
E-MAIL ADDRESS: Danny@LaborLawPC.com; Noel.Harlow@laborlawpc.com
ATTORNEY FOR (Name): Plaintiff Patrick Burk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill St.,
MAILING ADDRESS: 111 N Hill St.,
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: Patrick Burk
Defendant/Respondent: Crisis24, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 24STCV09814 |
|---|---|

TO (insert name of party being served): Crisis24, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 29, 2024

Noël Harlow
(TYPE OR PRINT NAME)

▶

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):
   ADR packet; Civil Case Cover Sheet; Notice of Case Assignment - Unlimited Civil Case; Notice of Posting of Jury Fees;

(To be completed by recipient):

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

Danny Yadidsion, Esq., SBN 260282
Noël Harlow, Esq., SBN 256124
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Noel.Harlow@LaborLawPC.com
Calendar@LaborLawPC.com

Attorneys for Plaintiff
PATRICK BURK, an individual

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| PATRICK BURK, an individual,<br><br>              Plaintiff,<br><br>     v.<br><br>CRISIS24, INC., a Delaware corporation;<br>CRISIS24 PROTECTIVE SOLUTIONS, LP, a<br>Delaware limited partnership; and DOES 1- 50,<br>Inclusive,<br><br>              Defendants. | **Case No. 24STCV09814**<br><br>**NOTICE OF CASE MANAGEMENT**<br>**CONFERENCE AND ORDER TO SHOW**<br>**CAUSE HEARING/CASE MANAGEMENT**<br>**REVIEW**<br><br>**Initial Status Conference**<br><br>**Date:   August 21, 2024**<br>**Time:  8:30 a.m.**<br>**Dept.:  78**<br><br>Complaint Filed: April 18, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the Court has scheduled the Case Management Conference ("CMC") in this matter for August 21, 2024, at 8:30 a.m. in Department 78 of the Los Angeles County Superior Court, Stanley Mosk Courthouse, located at 111 North Hill Street, Los Angeles, CA 90012. The court also ordered the parties to meet and confer about the matters to be discussed no later than 30 days before the scheduled CMC, and to file a completed Case Management Statement at least 15

- 1 -

calendar days prior to the CMC. Also, the court issued an Order to Show Case Hearing/Case Management Review, which was likewise scheduled on the same time and date. Finally, the court ordered Plaintiff to provide notice to all parties.

Please see the attached Notice of Case Management Conference and Order to Show Cause Hearing/Case Management Review, for further details.

DATED:  May 2, 2024                    **LABOR LAW PC**

By:     Danny Yadidsion
        Noël Harlow
        Attorneys for Plaintiff
        PATRICK BURK

- 2 -
NOTICE OF INITIAL CASE MANAGEMENT CONFERENCE

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

04/23/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Comick _____ Deputy

PLAINTIFF/PETITIONER:
Patrick Burk, an individual

DEFENDANT/RESPONDENT:
Crisis24 Protective Solutions, LP, a Delaware Limited Partnership, et al.

| CERTIFICATE OF MAILING | CASE NUMBER: 24STCV09814 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference, Order to Show Cause Hearing/Case Management Review (Cal. Rules of Court, rule 3.740) upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Noël Harlow
Labor Law PC
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/23/2024

By: A. Comick
Deputy Clerk

CERTIFICATE OF MAILING

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
**Stanley Mosk Courthouse**
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Patrick Burk, an individual

DEFENDANT:
Crisis24 Protective Solutions, LP, a Delaware Limited Partnership,

### NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**04/23/2024**

David W. Slayton, Executive Officer / Clerk of Court

By: _____A. Comick_____ Deputy

CASE NUMBER:
**24STCV09814**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 08/21/2024 | Time: 8:30 AM | Dept.: 78 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 04/23/2024

_Jill Feeney_
Judicial Officer

Jill Feeney / Judge

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Noël Harlow
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

David W. Slayton, Executive Officer / Clerk of Court

By _A. Comick_____
Deputy Clerk

Dated: 04/23/2024

LASC LACIV 132 Rev. 01/23
For Optional Use

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
**Stanley Mosk Courthouse**
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Patrick Burk, an individual

DEFENDANT:
Crisis24 Protective Solutions, LP, a Delaware Limited Partnership, et al.

**ORDER TO SHOW CAUSE HEARING/CASE MANAGEMENT REVIEW**
**(Cal. Rules of Court, rule 3.740)**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**04/23/2024**

David W. Slayton, Executive Officer / Clerk of Court

By: _A. Comick_ Deputy

CASE NUMBER:
**24STCV09814**

To party/attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on:

| Date: 08/21/2024 | Time: 8:30 AM | Dept.: 78 | Address: 111 North Hill Street, Los Angeles, CA, 90012 |

and show cause why sanctions should not be imposed for failure to file Proof of Service of Summons and Complaint on all defendants pursuant to California Rules of Court, rule 3.740(e).

☑ To avoid a mandatory appearance proofs of service as to all defendants, a responsive pleading or a notice of settlement must be filed in ☐ this Dept ☐ Clerk's Office, Room _____ at least 10 court days before the Order to Show Cause hearing.

☑ If any responsive pleading is filed at least ten court days prior to the hearing, the Order to Show Cause hearing will be vacated. The Order to Show Cause date will remain as a Non-Appearance Case Management Review. Plaintiff is ordered to give notice of the Case Management Review to all responding parties upon receipt of the responsive pleading and all parties are ordered to file Case Management Statements pursuant to California Rules of Court, rule 3.720 et seq.

☐ Other:

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

Dated: _04/23/2024_

_Jill Feeney_
Judicial Officer
Jill Feeney / Judge

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Hearing/Case Management Review** upon each party or counsel named below/above by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

Noël Harlow
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

David W. Slayton, Executive Officer / Clerk of Court

Dated: _04/23/2024_

By: _A. Comick_
(Deputy Clerk)

LASC LACIV 208 Rev. 01/23 **ORDER TO SHOW CAUSE HEARING/CASE MANAGEMENT REVIEW** Page 1 of 1
For Optional Use **(Cal. Rules of Court, rule 3.740)** Cal. Rules of Court, rule 3.740

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
**[C.C.P., §1013(a)]**

Patrick Burk v. Crisis24, Inc., et al.
Los Angeles County Superior Court Case Number: 24STCV09814

    I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, CA 90401. My email address is Dax.Inting@laborlawpc.com.

    On May 2, 2024, I served the following document(s):

-   **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE HEARING/CASE MANAGEMENT REVIEW**

On the following:

**Attorney for Defendants Crisis24, Inc. and Crisis24 Protective Solutions, LP**

Aaron Buckley, Esq.
Aaron Schu, Esq.
QUARLES & BRADY LLP
101 West Broadway, Ninth Floor,
San Diego, CA 92101-8285
Aaron.Buckley@quarles.com
Aaron.Schu@quarles.com
deb.baranowski@quarles.com
Emily.McCanna@quarles.com

(XX)    (BY ELECTRONIC MAIL) Per local rules, I delivered such documents by electronic mail. My email address is Dax.Inting@laborlawpc.com.

(  )    (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )    (BY OVERNIGHT MAIL) I caused said envelope(s) to be sent by overnight mail to the offices of the addressee(s).

Executed on May 2, 2024

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

| Dax Inting | /s/ Dax Inting |
|------------|----------------|
| Print Name | Signature |

PROOF OF SERVICE

# EXHIBIT B

Danny Yadidsion, Esq., SBN 260282
Noël Harlow, Esq., SBN 256124
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Noël.Harlow@LaborLawPC.com
calendar@laborlawpc.com

Attorneys for Plaintiff,
PATRICK BURK, an individual

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/19/2024 9:26 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Kim, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| PATRICK BURK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CRISIS24, INC., a Delaware corporation;<br>CRISIS 24 PROTECTIVE SOLUTIONS, LP,<br>a Delaware limited partnership; and DOES 1-<br>50, Inclusive,<br><br>Defendant. | Case No. 24STCV09814<br><br>**PLAINTIFF'S NOTICE OF POSTING OF JURY FEES** |

TO THE CLERK, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff, on April 19, 2024, posted jury fees in the amount of One Hundred-Fifty Dollars ($150.00) for trial in this matter.

DATED: April 19, 2024

LABOR LAW PC

By:_____
Danny Yadidsion, Esq.
Noël Harlow, Esq.
Attorneys for Plaintiff PATRICK BURK

---

PLAINTIFF'S NOTICE OF POSTING JURY FEES

# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**PLAINTIFF:**
Patrick Burk, an individual

**DEFENDANT:**
Crisis24 Protective Solutions, LP, a Delaware Limited Partnership, et al.

**ORDER TO SHOW CAUSE HEARING/CASE MANAGEMENT REVIEW**
**(Cal. Rules of Court, rule 3.740)**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/23/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Comick _____ Deputy

**CASE NUMBER:**
24STCV09814

To party/attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on:

| Date: 08/21/2024 | Time: 8:30 AM | Dept.: 78 | Address: 111 North Hill Street, Los Angeles, CA, 90012 |

and show cause why sanctions should not be imposed for failure to file Proof of Service of Summons and Complaint on all defendants pursuant to California Rules of Court, rule 3.740(e).

☑ To avoid a mandatory appearance proofs of service as to all defendants, a responsive pleading or a notice of settlement must be filed in ☐ this Dept ☐ Clerk's Office, Room _____ at least 10 court days before the Order to Show Cause hearing.

☑ If any responsive pleading is filed at least ten court days prior to the hearing, the Order to Show Cause hearing will be vacated. The Order to Show Cause date will remain as a Non-Appearance Case Management Review. Plaintiff is ordered to give notice of the Case Management Review to all responding parties upon receipt of the responsive pleading and all parties are ordered to file Case Management Statements pursuant to California Rules of Court, rule 3.720 et seq.

☐ Other:

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

Dated: 04/23/2024

_Jill Feeney_
Judicial Officer
Jill Feeney / Judge

## CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Hearing/Case Management Review** upon each party or counsel named below/above by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

Noël Harlow
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/23/2024

By: A. Comick
(Deputy Clerk)

LASC LACIV 208 Rev. 01/23
For Optional Use
**ORDER TO SHOW CAUSE HEARING/CASE MANAGEMENT REVIEW**
**(Cal. Rules of Court, rule 3.740)**
Page 1 of 1
Cal. Rules of Court, rule 3.740

# EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/23/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _A. Comick_ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Patrick Burk, an individual

DEFENDANT:
Crisis24 Protective Solutions, LP, a Delaware Limited Partnership,

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
24STCV09814

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 08/21/2024    Time: 8:30 AM    Dept.: 78

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _04/23/2024_

_Jill Feeney_
Judicial Officer

## CERTIFICATE OF SERVICE    Jill Feeney / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Noël Harlow
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

David W. Slayton, Executive Officer / Clerk of Court

By _A. Comick_
Deputy Clerk

Dated: _04/23/2024_

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

LASC LACIV 132 Rev. 01/23
For Optional Use

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

# EXHIBIT E

Danny Yadidsion, Esq., SBN 260282
Noël Harlow, Esq., SBN 256124
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Noel.Harlow@LaborLawPC.com
Calendar@LaborLawPC.com

Attorneys for Plaintiff
PATRICK BURK, an individual

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PATRICK BURK, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>CRISIS24, INC., a Delaware corporation;<br>CRISIS24 PROTECTIVE SOLUTIONS, LP, a<br>Delaware limited partnership; and DOES 1- 50,<br>Inclusive,<br><br>        Defendants. | **Case No. 24STCV09814**<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE HEARING/CASE MANAGEMENT REVIEW**<br><br>**Initial Status Conference**<br><br>**Date:  August 21, 2024**<br>**Time:  8:30 a.m.**<br>**Dept.:  78**<br><br>Complaint Filed: April 18, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the Court has scheduled the Case Management Conference ("CMC") in this matter for August 21, 2024, at 8:30 a.m. in Department 78 of the Los Angeles County Superior Court, Stanley Mosk Courthouse, located at 111 North Hill Street, Los Angeles, CA 90012. The court also ordered the parties to meet and confer about the matters to be discussed no later than 30 days before the scheduled CMC, and to file a completed Case Management Statement at least 15

- 1 -

calendar days prior to the CMC. Also, the court issued an Order to Show Case Hearing/Case Management Review, which was likewise scheduled on the same time and date. Finally, the court ordered Plaintiff to provide notice to all parties.

Please see the attached Notice of Case Management Conference and Order to Show Cause Hearing/Case Management Review, for further details.

DATED:   May 2, 2024                                    **LABOR LAW PC**

By:      Danny Yadidsion
          Noël Harlow
          Attorneys for Plaintiff
          PATRICK BURK

NOTICE OF INITIAL CASE MANAGEMENT CONFERENCE

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Patrick Burk, an individual

DEFENDANT/RESPONDENT:
Crisis24 Protective Solutions, LP, a Delaware Limited Partnership, et al.

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
04/23/2024
David W. Slayton, Executive Officer / Clerk of Court
By: _____ A. Comick _____ Deputy

## CERTIFICATE OF MAILING

CASE NUMBER:
24STCV09814

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference, Order to Show Cause Hearing/Case Management Review (Cal. Rules of Court, rule 3.740) upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Noël Harlow
Labor Law PC
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/23/2024

By: A. Comick
Deputy Clerk

## CERTIFICATE OF MAILING

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/23/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Comick _____ Deputy

COURTHOUSE ADDRESS:
**Stanley Mosk Courthouse**
**111 North Hill Street, Los Angeles, CA 90012**

PLAINTIFF:
Patrick Burk, an individual

DEFENDANT:
Crisis24 Protective Solutions, LP, a Delaware Limited Partnership,

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
24STCV09814

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| | | |
|---|---|---|
| Date: 08/21/2024 | Time: 8:30 AM | Dept.: 78 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 04/23/2024

_Jill Feeney_
Judicial Officer
Jill Feeney / Judge

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Noël Harlow
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

David W. Slayton, Executive Officer / Clerk of Court

By A. Comick _____
Deputy Clerk

Dated: 04/23/2024 _____

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**PLAINTIFF:**
Patrick Burk, an individual

**DEFENDANT:**
Crisis24 Protective Solutions, LP, a Delaware Limited Partnership, et al.

## ORDER TO SHOW CAUSE HEARING/CASE MANAGEMENT REVIEW
### (Cal. Rules of Court, rule 3.740)

| Reserved for Clerk's File Stamp |
|---|
| **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/23/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Comick _____ Deputy |

**CASE NUMBER:**
24STCV09814

To party/attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on:

| Date: 08/21/2024  Time: 8:30 AM  Dept.: 78  Address: 111 North Hill Street, Los Angeles, CA, 90012 |
|---|

and show cause why sanctions should not be imposed for failure to file Proof of Service of Summons and Complaint on all defendants pursuant to California Rules of Court, rule 3.740(e).

☑ To avoid a mandatory appearance proofs of service as to all defendants, a responsive pleading or a notice of settlement must be filed in ☐ this Dept ☐ Clerk's Office, Room _____ at least 10 court days before the Order to Show Cause hearing.

☑ If any responsive pleading is filed at least ten court days prior to the hearing, the Order to Show Cause hearing will be vacated. The Order to Show Cause date will remain as a Non-Appearance Case Management Review. Plaintiff is ordered to give notice of the Case Management Review to all responding parties upon receipt of the responsive pleading and all parties are ordered to file Case Management Statements pursuant to California Rules of Court, rule 3.720 et seq.

☐ Other:

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

Dated: 04/23/2024

*Jill Feeney*
Judicial Officer
Jill Feeney / Judge

## CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Hearing/Case Management Review** upon each party or counsel named below/above by depositing in the United States mail at the courthouse in
Los Angeles _____, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

Noël Harlow
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/23/2024

By: A. Comick
(Deputy Clerk)

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
**[C.C.P., §1013(a)]**

Patrick Burk v. Crisis24, Inc., et al.
Los Angeles County Superior Court Case Number: 24STCV09814

    I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, CA 90401. My email address is Dax.Inting@laborlawpc.com.

    On May 2, 2024, I served the following document(s):

-   **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE HEARING/CASE MANAGEMENT REVIEW**

    On the following:

**Attorney for Defendants Crisis24, Inc. and Crisis24 Protective Solutions, LP**

Aaron Buckley, Esq.
Aaron Schu, Esq.
QUARLES & BRADY LLP
101 West Broadway, Ninth Floor,
San Diego, CA 92101-8285
Aaron.Buckley@quarles.com
Aaron.Schu@quarles.com
deb.baranowski@quarles.com
Emily.McCanna@quarles.com

(XX)    (BY ELECTRONIC MAIL) Per local rules, I delivered such documents by electronic mail. My email address is Dax.Inting@laborlawpc.com.

(  )    (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(  )    (BY OVERNIGHT MAIL) I caused said envelope(s) to be sent by overnight mail to the offices of the addressee(s).

Executed on May 2, 2024

- 1 -
PROOF OF SERVICE

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Dax Inting
Print Name

_____/s/ Dax Inting_____
Signature

PROOF OF SERVICE

**EXHIBIT F**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 260282 | FOR COURT USE ONLY |
|---|---|---|

NAME: Danny Yadidsion; Noël Harlow (SBN 256124)
FIRM NAME: LABOR LAW PC
STREET ADDRESS: 100 Wilshire Blvd., Suite 700
CITY: Santa Monica       STATE: CA       ZIP CODE: 90401
TELEPHONE NO.: (310) 494-6082       FAX NO.:
E-MAIL ADDRESS: Danny@LaborLawPC.com; Noel.Harlow@laborlawpc.com
ATTORNEY FOR (Name): Plaintiff Patrick Burk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill St.,
MAILING ADDRESS: 111 N Hill St.,
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**Electronically FILED by
Superior Court of California,
County of Los Angeles
5/17/2024 5:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Saxon, Deputy Clerk**

Plaintiff/Petitioner: Patrick Burk
Defendant/Respondent: Crisis 24 Protective Solutions, LP

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 24STCV09814 |
|---|---|

TO (insert name of party being served): Crisis 24 Protective Solutions, LP

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: April 29, 2024

Noël Harlow
(TYPE OR PRINT NAME)       ▶       (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [ x ] A copy of the summons and of the complaint.
2. [ x ] Other (specify):
   ADR packet; Civil Case Cover Sheet; Notice of Case Assignment - Unlimited Civil Case; Notice of Posting of Jury Fees;

(To be completed by recipient):

Date this form is signed: May 9, 2024

Aaron J. Schu on behalf of Crisis 24 Protective Solutions, LP
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)       ▶       Counsel on behalf of Defendant
Crisis 24 Protective Solutions, LP
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Noel Harlow, Esq., (SBN 256124)<br>LABOR LAW PC<br>100 Wilshire Blvd., Suite 700<br>Santa Monica, California 90401 | |

TELEPHONE NO.: (310) 494-6082      FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*: Noel.Harlow@LaborLawPC.com
ATTORNEY FOR *(Name)*: Plaintiff PATRICK BURK

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N Hill St
MAILING ADDRESS: 111 N Hill St
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

| | |
|---|---|
| PLAINTIFF/PETITIONER: PATRICK BURK<br>DEFENDANT/RESPONDENT: CRISIS 24 PROTECTIVE SOLUTIONS, LP | CASE NUMBER:<br>24STCV09814 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [x] summons

   b. [x] complaint

   c. [x] Alternative Dispute Resolution (ADR) package

   d. [x] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [x] other *(specify documents):* Notice of Posting of Jury Fees; Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      DEFENDANT CRISIS 24 PROTECTIVE SOLUTIONS, LP, a Delaware limited partnership

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
          under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
          Aaron J. Schu, Esq.

4. Address where the party was served:
   Quarles & Brady LLP ,101 West Broadway, Ninth Floor, San Diego, CA 92101-8285

5. I served the party *(check proper box)*

   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party   (1) on *(date):*     (2) at *(time):*

   b. [ ] **by substituted service.** On *(date):*     at *(time):*     I left the documents listed in item 2 with or
          in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
              of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
              place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
              address of the person to be served, other than a United States Postal Service post office box. I informed
              him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
              at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
              *(date):*    from *(city):*    **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

POS-010

| PLAINTIFF/PETITIONER: PATRICK BURK | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CRISIS 24 PROTECTIVE SOLUTIONS, LP | 24STCV09814 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☑ **by other means** *(specify means of service and authorizing code section):*
    Served per an electronic service agreement (Code Civ. Proc. § 1010.6)

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* Defendant Crisis 24 Protective Solutions, LP
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)      ☑ 416.90 (authorized person)
    ☐ 416.50 (public entity)      ☐ 415.46 (occupant)
                                  ☐ other:

7. **Person who served papers**

  a. Name: Franchesca Señeres

  b. Address: 100 Wilshire Blvd., Suite 700 Santa Monica, California 90401

  c. Telephone number: (310) 494-6082

  d. **The fee** for service was: $ 0.00

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner    ☐ employee    ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: May 17, 2024

Franchesca Señeres                           ▶ *Franchesca Señeres*
_____      _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)

# EXHIBIT G

1 | AARON A. BUCKLEY (SBN 202081)
aaron.buckley@quarles.com
2 | AARON J. SCHU (SBN 299701)
aaron.schu@quarles.com
3 | **QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
4 | San Diego, California 92101-8285
Telephone: 619-237-5200
5 | Facsimile: 619-615-0700

6 | Attorneys for Defendants Crisis24, Inc. and
Crisis24 Protective Solutions, LP

7

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/30/2024 3:56 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

8

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11

12 | PATRICK BURK,

Plaintiff,

13 | v.

14 | CRISIS24, INC., a Delaware corporation;
CRISIS 24 PROTECTIVE SOLUTIONS, LP,
15 | a Delaware limited partnership; and DOES 1-
50, Inclusive,
16

17 | Defendants.

Case No. 24STCV09814

**DEFENDANTS' ANSWER TO
PLAINTIFF PATRICK BURK'S
UNVERIFIED COMPLAINT**

Judge:       Jill Feeney
Dept.:       78
Action Filed:   April 18, 2024
Trial Date:    Not set

18

19 | Defendants, Crisis24, Inc. and Crisis24 Protective Solutions, LP ("Defendants"), answer

20 | the unverified Complaint ("Complaint") filed by Plaintiff Patrick Burk ("Plaintiff") as follows:

21 | **GENERAL DENIAL**

22 | Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants deny each

23 | and every material allegation of the Complaint, and each cause of action thereof; and further deny

24 | that Plaintiff has been damaged in any manner or amount or at all as a result of any act or omission

25 | by Defendants of any of their directors, officers, agents, or employees.

26 | **AFFIRMATIVE DEFENSES**

27 | For a further and separate answer to the allegations contained in the Complaint, Defendants

28 | submit the following affirmative defenses:

1

## FIRST AFFIRMATIVE DEFENSE

### (Insufficient Facts)

The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint is barred, in whole or in part, because Plaintiff failed to exhaust all administrative remedies required by state statute including, but not limited to, prerequisites to filing this civil action under Government Code sections 12960 *et seq*.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Each of Plaintiff's causes of action are barred, in whole or in part, by the applicable statutes of limitation periods, including, but not limited to, California Government Code sections 12960 and 12965, and California Code of Civil Procedure section 338, 340, 343, and 335.1, Business and Professions Code section 17208.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendants are informed and believe, and on that basis allege, that Plaintiff has, by his conduct, waived his rights to bring the alleged causes of action against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendants are informed and believe, and on that basis allege, that Plaintiff is estopped from obtaining the relief sought in the Complaint by virtue of his acts and conduct in connection with the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Same Decision)

If Plaintiff proves to a trier of fact that an improper motive was a substantial motivating factor in any or all of Defendants' challenged job actions, Defendants contend that the same job

2

action would have been taken anyway for proper motives.

## SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory, Non-Retaliatory Action)

Plaintiff's claims are barred, in whole or in part, because any alleged adverse employment action by Defendants was taken for legitimate, non-discriminatory, non-retaliatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff's damages, if any, under each cause of action alleged in the Complaint, are limited by the doctrine of avoidable consequences.

## NINTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

The Complaint, and each cause of action alleged therein, fails to state facts sufficient to support an award of punitive damages against Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

Although Defendants deny that it has committed or had responsibility for any act that could support the recovery of punitive damages in this action, if and to the extent that any such act is found, recovery of punitive damages is unconstitutional under various provisions of the United States Constitution including, but not limited to, the Due Process Clause of the Fifth Amendment and section 1 of the Fourteenth Amendment. In addition, the recovery of punitive damages against Defendants is unconstitutional under various provisions of the California Constitution including, but not limited to, the Excessive Fines Clause of section 17 of article I and the Due Process Clause of section 1 of article I.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

Plaintiff is barred from seeking any damages from the purported physician or emotional injuries he allegedly suffered as a result of his employment in that the sole and exclusive remedy

/ / /

3

1  for such damages is governed by the California Workers' Compensation Act.  (Lab. Code §§

2  3600, *et seq.*)

### TWELFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

5       Defendants are informed and believe, and on that basis allege, that Plaintiff has failed,

6  refused, or neglected to mitigate or avoid the damages complained of in the Complaint.  By reason

7  of the foregoing, Plaintiff is barred, in whole or in part, from recovering monetary damages from

8  Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Reservation of Rights)

11      Defendants are informed and believe, and thereon allege, that they have additional,

12 unasserted defenses to the Complaint or the purported causes of action contained therein.

13 Defendants specifically reserve the right to assert additional defenses as deemed appropriate at a

14 later time.

15      WHEREFORE, Defendant prays that:

16          1.      Plaintiff be denied relief by way of his Complaint;

17          2.      Plaintiff's Complaint and each cause of action therein be dismissed with

18                  prejudice;

19          3.      Defendants be dismissed and awarded their costs of suit and attorneys' fees

20                  incurred herein under all applicable provisions of law; and

21          4.      For such other and further relief as the Court deems proper.

22 Dated:  May 30, 2024                    QUARLES & BRADY LLP

23

24                              By:  _____

25                                   AARON A. BUCKLEY
                                     AARON J. SCHU
26                                   Attorneys for Defendants Crisis24, Inc. and
                                     Crisis24 Protective Solutions, LP

27

28

---

4

1

## **PROOF OF SERVICE**

2

**Burk v. Crisis24, Inc. et al.**
**Case No. 24STCV09814**

3

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

4

5

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

6

7

On May 30, 2024, I served true copies of the following document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF PATRICK BURK UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

8

9

10

11

12

13

14

Danny Yadidsion
Noël Harlow
Labor Law PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
E-Mail: Danny@LaborLawPC.com;
Noel.Harlow@LaborLawPC.com;
Franchesca.Seneres@laborlawpc.com;
Dax.Inting@laborlawpc.com;
Sheila.Cabazares@laborlawpc.com;
calendar@laborlawpc.com

15

**Attorneys for Plaintiff**

16

17

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address Emily.McCanna@quarles.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

18

19

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

Executed on May 30, 2024, at San Diego, California.

21

22

23

_____
Emily M. McCanna

24

25

26

27

28

5

AARON A. BUCKLEY (SBN 202081)
aaron.buckley@quarles.com
AARON J. SCHU (SBN 299701)
aaron.schu@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Crisis 24, Inc. and Crisis 24
Protective Solutions, LP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Patrick Burk, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>CRISIS24, INC., a Delaware corporation; CRISIS 24 PROTECTIVE SOLUTIONS, LP, a Delaware limited partnership; and DOES 1- 50, Inclusive,<br><br>        Defendant. | Case No.  24-4698<br><br>**DECLARATION OF GABOR BUKSZAR IN SUPPORT OF DEFENDANTS' REMOVAL TO FEDERAL COURT**<br><br>[Superior Court of the State of California, County of Los Angeles Case No. 24STCV09814] |

<u>DECLARATION OF GABOR BUKSZAR</u>

I, Gabor Bukszar, declare as follows:

1.     I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2.     I am currently employed as Director of Human Resources for Crisis24 Protective Solutions, LP, a Defendant in the above-entitled action.  I have worked in this role since February 14, 2022.  I make this declaration in support of Defendants' Removal Petition and Notice of Removal of Action to Federal Court.

3.     As Director of Human Resources of Crisis24 Protective Solutions, LP, I am the person ultimately responsible for all Human Resources operations of the entity.  In that role, I have become knowledgeable of the structure and operations of that limited partnership and an affiliated entity, Defendant Crisis24, Inc.

4.     GardaWorld acquired the limited partnership now known as Crisis24 Protective Solutions, LP on or about July 1, 2021.  Crisis24 Protective Solutions, LP is a Delaware limited partnership and has been throughout the time I have worked for it.  Throughout that same time period, Crisis24 Protective Solutions, LP's principal place of business has been in Florida (originally in Ft Lauderdale and currently in Boca Raton).  That office is the center of direction, control, and coordination for the business functions central to the partnership's operations.  The personnel in charge of the major human resources, payroll, and legal functions, and the development of policies and protocols for Crisis24 Protective Solutions, LP's operations, all are based in Florida.

5.     Since at least February 14, 2022, the sole member/limited partner of Crisis24 Protective Solutions, LP has been Garda USA Inc.  Garda USA Inc. is a corporation organized under the laws of Delaware.  Since at least February 14, 2022, Garda USA Inc.'s corporate headquarters and principal place of business have been in Boca Raton, Florida.  Garda USA Inc.'s Boca Raton office is the center of direction, control, and coordination for the business functions central to its

DECLARATION OF GABOR BUKSZAR IN SUPPORT OF DEFENDANTS' REMOVAL TO FEDERAL COURT

operations.  The personnel in charge of the major human resources, payroll, and legal functions, and the development of policies and protocols for Garda USA Inc.'s operations, are based in Florida.  Garda USA Inc. is a wholly-owned subsidiary of Garda World Security Corporation.

6.     Crisis24, Inc. is a corporation organized under the laws of Delaware. Since at least February 14, 2022, Crisis24, Inc.'s corporate headquarters and principal place of business have been located in Annapolis, Maryland.  Crisis24, Inc.'s corporate headquarters are the center of direction, control, and coordination for the business functions central to Crisis24, Inc.'s operations.  The corporate personnel in charge of the major human resources and payroll functions, and of the development of policies and protocols for Crisis24, Inc.'s operations, work at Crisis24, Inc.'s corporate headquarters.

7.     I have reviewed Crisis24 Protective Solutions, LP's employment records for Patrick Burk ("Burk") as they are available to me and kept in the ordinary course of business.  Those records reflect that Burk was employed by Crisis24 Protective Solutions, LP from January 10, 2022 to March 31, 2023 in Los Angeles, California, and maintained a physical address in California throughout this time.  Burk was never employed by Crisis24, Inc.

8.     Those records also reflect that Burk's hourly rate was $45.00, and that for 2022, Burk earned $130,066.01 in wages, tips, and other compensation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of May, 2024, at Boca Raton, Florida.

_____

Gabor Bukszar

DECLARATION OF GABOR BUKSZAR IN SUPPORT OF DEFENDANTS' REMOVAL TO FEDERAL COURT

## PROOF OF SERVICE

**Burk v. Crisis24, Inc. et al.**
**Case No. 24STCV09814**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On June 5, 2024, I served true copies of the following document(s) described as **DEFENDANTS CRISIS24, INC. AND CRISIS 24 PROTECTIVE SOLUTIONS, LP'S NOTICE OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

Danny Yadidsion
Noël Harlow
Labor Law PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
E-Mail: Danny@LaborLawPC.com;
Noel.Harlow@LaborLawPC.com;
Franchesca.Seneres@laborlawpc.com;
Dax.Inting@laborlawpc.com;
Sheila.Cabazares@laborlawpc.com;
calendar@laborlawpc.com

**Attorneys for Plaintiff**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address Emily.McCanna@quarles.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 5, 2024, at San Diego, California.

_____
Emily M. McCanna